USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

                -v-
                                        1:9-cr-339-GHW-2

    EDWIN MALDONADO,                         ORDER

                            Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Edwin Maldonado submitted an application to the Court *pro* se challenging the legality of the sentence imposed on him in this case. Dkt. No. 288. Mr. Maldonado points to Federal Rule of Civil Procedure 60(b) as the basis for his requested relief. Since the date of his initial application to the Court, Mr. Maldonado has submitted two supplemental letters seeking substantially the same relief. *See* Dkt. Nos. 292 and 294. On June 7, 2020, the Court issued an order requesting that the United States file a response to Mr. Maldonado's request. Dkt. No. 290. The United States filed its response on July 1, 2021 (the "Response"). Dkt. No. 294.

       For the following reasons, Mr. Maldonado's application is designated as a motion under 28 U.S.C. § 2255.

           **DESIGNATION OF APPLICATION AS MOTION UNDER 28 U.S.C. § 2255**

       Mr. Maldonado's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to modify the sentence imposed by the Court. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). While Mr. Maldonado describes this motion as one made under Federal Rule of Civil Procedure 60(b), that rule does not provide a vehicle for an inmate

to challenge his sentence. *United States v. Kergil*, No. 12 CR. 152 (CM), 2017 WL 3726044, at *1 (S.D.N.Y. Aug. 16, 2017), aff'd, 741 F. App'x 846 (2d Cir. 2018) ("Rule 60(b)(6) is a rule of civil—not criminal—procedure that permits a court to relieve a party from a civil judgment for 'any . . . reason that justifies relief.' It cannot be used to reopen or challenge criminal judgments." (internal citations omitted) (citing *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002), for the proposition that new attacks on an underlying conviction "are beyond the scope of Rule 60(b)")).

Because Mr. Maldonado's application has no merit when considered under Federal Rule of Civil Procedure 60(b), the Court construes the application as a motion for relief under 28 U.S.C. § 2255. If Mr. Maldonado does not want to pursue relief under § 2255, he may notify the Court in writing no later than September 10, 2021 that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Mr. Maldonado has only one opportunity within the limitations period for a full adjudication of his claims. If Mr. Maldonado does not inform the Court of his intent within sixty days, the application will remain designated as a motion under 28 U.S.C. § 2255. At that time, the Court expects to consider, among other things, the Government's argument in the Response that a habeas petition is time barred. If Mr. Maldonado wishes to withdraw his petition, he must do so by letter to the Court no later than September 10, 2021.

## CONCLUSION

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Maldonado and note service on the docket.

SO ORDERED.

Dated: July 10, 2021
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

3