USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

                  -v-                           1:21-cv-9357-GHW
                                             1:09-cr-339-GHW

    EDWIN MALDONADO,                    MEMORANDUM OPINION AND
                                             ORDER
                           Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Petitioner Rohelio Edwin Maldonado brings this *pro se* petition for a writ of habeas corpus challenging his 2012 sentence. Because Mr. Maldonado's petition is time-barred under 28 U.S.C. § 2255, his petition is denied.

**I. BACKGROUND**

       Mr. Maldonado was convicted at trial of two counts of intentional murder while engaged in a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A), two counts of death through the use of a firearm, in violation of 18 U.S.C. § 924(j), and two counts of use of an interstate commerce facility in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. Dkt. No. 164. Mr. Maldonado was seventeen years old at the time of the offense. *Id.*

       After Mr. Maldonado's conviction, but prior to his sentencing, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Court held that mandatory life imprisonment without parole for defendants who were under the age of eighteen violated the Eighth Amendment's prohibition on cruel and unusual punishments. *Id.* at 470. In light of the Supreme Court's decision in *Miller*, Judge Sweet issued a 31 page-long sentencing opinion prior to the sentencing hearing.

Dkt. No. 164.[1]  In that opinion, Judge Sweet expressly evaluated Mr. Maldonado's sentence in light of the considerations highlighted by the Supreme Court in *Miller*. *Id.* at 25–29.  Following a sentencing hearing, Judge Sweet entered judgment on December 14, 2012, imposing a life sentence on Mr. Maldonado.  Dkt. No. 165.

Mr. Maldonado timely appealed his conviction and sentence.  Dkt. No. 166.  On April 21, 2014, the Second Circuit affirmed the district court's judgment, expressly noting that the "district court properly considered all of the *Miller* factors."  Dkt. No. 187.

More than seven years after his conviction was upheld by the Second Circuit, Mr. Maldonado submitted an application to this Court challenging the legality of the sentence imposed on him in this case.  Dkt. No. 288 (the "Application").  Mr. Maldonado's Application to the Court was framed as a motion under Rule 60 of the Federal Rules of Civil Procedure.  *Id.*  He supported the Application with an affirmation challenging the validity of the sentence imposed by Judge Sweet.  *Id.*  The Court requested briefing from the United States in response to the Application.  Dkt. No. 290.  The United States filed an opposition on July 1, 2021.  Dkt. No. 294 (the "Opposition").  In its Opposition, the Government argued that Mr. Maldonado's application was not properly brought under Federal Rule of Civil Procedure 60, but that it might be considered to be a habeas petition.  If it were a habeas petition, the Government argued, it would be time barred.

The Court issued an order on July 12, 2021 designating the Application as a habeas petition made under 28 U.S.C. § 2255.  Dkt. No. 295.  The Court explained that Mr. Maldonado's motion had no merit when considered under Rule 60.  Therefore, the Court construed the application as a motion for relief under 28 U.S.C. § 2255.  The Court provided Mr. Maldonado the opportunity to withdraw his application if he did not want it to be considered as such.  Mr. Maldonado did not withdraw the application.  Instead, he wrote the Court in a letter dated August 2, 2021, requesting

---

[1] All references are to the criminal docket in Case No. 1:09-cr-339 unless otherwise noted.

that the motion for reconsideration be heard, and arguing that the application can properly be considered under 28 U.S.C. § 2241. Dkt. No. 298.

## II. DISCUSSION

### A. Maldonado's Petition is Brought Pursuant to 28 U.S.C. § 2255

Because Mr. Maldonado is proceeding *pro se*, his submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The proper basis for the relief Mr. Maldonado seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. "In general, federal prisoners who seek to collaterally attack the basis for imposing a sentence— including by challenging the underlying conviction—must move 'to vacate, set aside or correct the sentence' under 28 U.S.C. § 2255(a)." *Dhinsa v. Krueger*, 917 F.3d 70, 80–81 (2d Cir. 2019) (quoting 28 U.S.C. § 2255(a)). "A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may . . . make a claim pursuant to Section 2255." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). A petition pursuant to § 2255 is "directed to the sentence as it was imposed, not to the manner in which it is being executed." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

By contrast, "[s]ection 2241 . . . is the proper means to challenge the *execution* of a sentence." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004). A motion pursuant to § 2241 may be brought to challenge such matters as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Mr. Maldonado's petition for relief, challenging the life sentence imposed on him by Judge Sweet, falls within the normal scope of § 2255 and not § 2241.

B.  **Maldonado's Petition is Time Barred**

Mr. Maldonado's petition is barred by the one-year statute of limitations applicable to pertitions for collateral relief under 28 U.S.C. § 2255(f). "'[The Anti-Terrorism and Effective Death Penalty Act of 1996] imposes a one-year statute of limitations on motions to set aside sentences imposed, *inter alia*, 'in violation of the Constitution or laws of the United States.'" *United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (citing 28 U.S.C. § 2255(a), (f)), *cert. denied*, 140 S. Ct. 1234 (2020). The one-year statute of limitations runs from the latest of a number of "triggering events" enumerated in the statute. *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012). Here, the latest applicable "triggering event" under § 2255(f) is "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).

Because Mr. Maldonado did not file a petition for certiorari contesting the Second Circuit's affirmation of his conviction, his conviction became final on July 21, 2014. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari."); *see also* SUP. CT. R. 13.1, 30.1 (a petition for writ of certiorari is timely when filed within ninety days after entry of judgment by a court of appeals). Thus, the one-year statute of limitations pursuant to § 2255(f)(1) expired on July 21, 2015. Mr. Maldonado's petition was filed in this court on June 1, 2021, nearly six years after the limitation period had expired. Dkt. No. 288.[2] The petition is therefore time barred unless the "savings clause" included in 28 U.S.C. § 2255(e) applies. As explained below, it does not.

---

[2] Another triggering event set forth in § 2255(f) is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Under § 2255(f)(3), the one-year limitation period begins to run from the date that the Supreme Court "initially recognized" the right asserted in an applicant's motion, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 354–55 (2005). This would mean that the one-year limitation period began from the date of the *Miller* decision, and not the date *Miller* was deemed retroactive in *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016). Therefore, Mr Maldonado's petition would be five years late even if § 2255(f)(3) applied.

4

### C. The "Savings Clause" of 28 U.S.C. § 2255(e) Does Not Apply

Mr. Maldonado argues that his petition should proceed under § 2241 pursuant to the "savings clause" of § 2255(e), which "allows a prisoner to avoid the gatekeeping provisions of section 2255 . . . if section 2255 'appears . . . inadequate or ineffective to test the legality of his detention.'" *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) (quoting 28 U.S.C. § 2255(e)). The savings clause authorizes a petition under § 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa*, 917 F.3d at 81 (alterations in original) (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Mr. Maldonado's submissions present no evidence of his "actual innocence." Nor does he assert that he was unable to effectively raise such a claim at an earlier time. Therefore, the "savings clause" of § 2255(e) does not apply here, and Mr. Maldonado may not collaterally challenge his sentence under § 2241.

### III. CONCLUSION

For the reasons described above, Mr. Maldonado's petition is DENIED. The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 302 in Case No. 1:09-cr-339. The Clerk of Court is further directed to enter judgment for the Respondent and to close Mr. Maldonado's civil action, *Maldonado v. United States*, Case No. 1:21-cv-09357-GHW.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  November 16, 2021
New York, New York

                                  GREGORY H. WOODS
                                  United States District Judge